UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 14-6640 DSF (JEMx) | Date | 12-15-14 |
| Title | Alice Jones, et al. v. Supervalu Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order to Show Cause re Adequacy of Counsel

   Although adequacy of counsel is ordinarily determined at a later stage of the proceedings, it appears an early preliminary determination of whether Plaintiff's counsel are likely to be found adequate would serve the interests of the putative class and of judicial economy.  Therefore, Plaintiff's counsel are ordered to show cause why they would be adequate counsel to represent the class if a class were certified.  In appointing class counsel, the Court:
   (A) must consider:
      (i) the work counsel has done in identifying or investigating potential claims in the action;
      (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
      (iii) counsel's knowledge of the applicable law; and
      (iv) the resources that counsel will commit to representing the class;
   (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
   (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs.
Fed.R.Civ.P. 23(g)(1).
   A written response must be submitted no later than January 5, 2015.  The response should provide full and complete information responsive to Rule 23(g)(1)(A) and (B),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

and sufficient for the Court to make an informed decision. Among other things, counsel must:

1. Identify (by court, case name, case number, etc.) all putative class actions filed by counsel in any court, and state whether a class was certified, and, if so, whether counsel was named as class counsel;

2. Describe counsel's trial experience;

3. Identify (by court, case name, case number, etc.) any case in which the court found counsel not to be adequate to represent a class or otherwise declined to grant counsel's request to be appointed, and specify the reasons given by the court (or provide a copy of the opinion or decision);

4. Identify (by court, case name, case number, etc.) any case or circumstance in which counsel's professional conduct or professional ethics (including billing practices) have been the subject of any written inquiry by any court, administrative agency, or bar association, and provide the complete facts and disposition of the matter;

5. Identify (by court, case name, case number, etc.) any case in which counsel have been admonished or sanctioned by any court or agency and provide the complete facts and disposition of the matter;

6. Provide any agreement relating to this action with any other person or entity other than Plaintiff;

7. Provide counsel's proposal for terms for attorney's fees and nontaxable costs; and

8. Describe how counsel intends to staff this case and the means by which counsel will fund the necessary costs, including expert's fees. (The latter information may be filed in camera and under seal.)

See Rule 23(g)(1)(C)

IT IS SO ORDERED.